IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00205–CMA–KMT

ROBERT D. GANDY,

    Plaintiff,

v.

ARISTEDES ZAVARAS,
CATHIE HOLST, and
MICHAEL ARRELLANO,

    Defendants.

___

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
___

**Kathleen M. Tafoya, United States Magistrate Judge**

This case comes before the court on Plaintiff's "Motion for Preliminary Injunction" (Doc. No. 21, filed June 16, 2009). The plaintiff requests a preliminary injunction pursuant to Fed. R. Civ. P. 65(b).

A party seeking preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). A party seeking injunctive relief must found his effort on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992). Ultimately, because "a preliminary injunction is an extraordinary remedy," the

moving party must establish that his "right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

In his Complaint, Plaintiff asserts he has a condition that can make urination difficult. (Doc. No. 3 at 3.) Plaintiff asserts defendants have violated his rights under the Americans with Disabilities Act ("ADA"). (*See* Doc. No. 3.) In his motion for preliminary injunction, Plaintiff seeks an order requiring the defendants to provide Plaintiff "an alternative to urinating such as providing blood sample salavia [sic] or hair sample." (Mot. at 3.) Defendants argue that Plaintiff has failed to meet the elements required for entry of a preliminary injunction. (Resp.)

Plaintiff contends there is a reasonable likelihood that he will succeed on the merits in this case. (Mot. at 1.) Defendants argue Plaintiff has made only conclusory statements in this regard. (Resp. at 4.) Defendants further argue that Plaintiff's claims fail for the reasons set forth in their Motion to Dismiss (Doc. No. 18), and that Plaintiff has failed to provide any evidence that he is subjected to a constitutional or statutory violation. (*Id.*) This court agrees that Plaintiff has failed to provide more than mere conclusory statements showing why he is likely to succeed on the merits. Moreover, upon review of Defendants' Motion to Dismiss, the court finds there is little likelihood Plaintiff will to succeed on the merits.

Plaintiff also argues he faces a "substantial threat of harm" if the injunction is not granted. (Mot. at 2.) Plaintiff states that being denied a meaningful alternative to providing a urine sample subjects him to bodily harm. (*Id.*) Plaintiff concedes that when he is called for a random drug test, he is allowed to drink water. (*Id.*) However, Plaintiff alleges that drinking water leads to a distended bladder, which can cause extreme pain and can lead to a ruptured

bladder requiring emergency surgery or potentially causing death. (*Id.*)  Defendants argue Plaintiff has failed to show he will suffer irreparable injury if the motion is denied.  (Resp. at 5.)  "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1190 (10th Cir. 2003) (quoting *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)).  In addition, the plaintiff must show the injury is of such imminence that there is a clear and present need for injunctive relief.  *Id.*  The possible injuries listed by Plaintiff in his motion are theoretical.  The court finds Plaintiff has failed to identify irreparable harm that is of such imminence that there is a clear and present need for a preliminary injunction.

Plaintiff states that the threat of harm to him outweighs any harm an injunction may cause the defendants.  (Mot. at 2.)  Defendants argue that inmate drug testing decisions and policies are based on a need to provide security and protection of the inmates and staff, and that Plaintiff's allegations do not warrant intrusion into the prison management decisions concerning drug testing procedures.  (Resp. at 7.)  The court agrees with Defendants that Plaintiff has failed to meet this required element for a preliminary injunction.

Finally, Plaintiff states the public interest will not be "disserved" by granting a preliminary injunction.  (Mot. at 3.)  Again, Defendants argue that the Department of Corrections ("DOC") has an interest in ensuring that its prisons remain safe for staff, inmates, and the general public, and that the DOC should not be precluded from testing its inmates as it would be adverse to the public interest.  The court agrees.

Accordingly, for the foregoing reasons, this court respectfully

**RECOMMENDS** that Plaintiff's "Motion for Preliminary Injunction" (Doc. No. 21) be DENIED.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate

review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 4th day of August, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge