**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-00205-CMA-KMT

ROBERT D. GANDY,

     Plaintiff,

v.

ARISTEDES ZAVARAS,
CATHIE HOLST, and
MICHAEL ARRELLANO,

     Defendants.

---

**ORDER ADOPTING AND AFFIRMING AUGUST 4, 2009 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the August 4, 2009 recommendation by the Magistrate Judge that Plaintiff's "Motion for Preliminary Injunction" be denied. (Doc. ## 21, 33). On August 13, 2009, Plaintiff filed an objection to this recommendation (Doc. # 35). In light of the objection, the Court has conducted the requisite *de novo* review of the issues, the recommendations and Plaintiff's objections.

Plaintiff seeks a preliminary injunction under Fed.R.Civ.P. 65(a) requiring the defendants to provide Plaintiff "an alternative to urinating such as providing blood sample salavia [sic] or hair sample." (Doc. # 21 at 3.) Defendants argue that Plaintiff has failed to meet the elements required for entry of a preliminary injunction. (*See* Doc. # 29.)

> To obtain a preliminary injunction under Fed.R.Civ.P. 65(a), the moving party bears the burden of showing (1) the injunction, if issued, would not adversely affect the public interest, (2) irreparable harm would occur unless the injunction issues, (3) the threatened injury outweighs any harm an injunction may cause the opposing party, and (4) the party has a substantial likelihood of success on the merits.

*Kansas v. United States*, 249 F.3d 1213, 1227 (10th Cir. 2001)(citing *ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999)).

As to the first element, the public interest, the Court finds that the Department of Corrections has an interest in ensuring that its prisons remain safe for staff, inmates, and the general public, and that the DOC should not be precluded from testing its inmates as it would be adverse to the public interest. Plaintiff concedes this element in his objections. (Doc # 35 at 3.)

As to the second element, "[t]o constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1190 (10th Cir. 2003) (citation and internal quotation marks omitted). "The party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* (citation and internal quotation marks omitted). Plaintiff alleges that drinking water leads to a distended bladder, which he adds can cause extreme pain and can lead to a ruptured bladder requiring emergency surgery or potentially causing death. Plaintiff adds in his objection that Defendants "have not denied" Plaintiff's allegations concerning his bladder. (Doc. # 35 at 1.) The merits of this objection aside, the Court notes the burden is on Plaintiff, not Defendants, to prove he is entitled to a preliminary injunction.

*Heideman*, 348 F.3d at 1188-89.  Because his injuries are theoretical, Plaintiff has failed to meet this burden.  He has not identified irreparable harm that is of such imminence that there is a clear and present need for a preliminary injunction.

As to the third element, the "balance of harms," the Court agrees with Defendants that inmate drug testing decisions and policies are based on a need to provide security and protection of the inmates and staff, and that Plaintiff's allegations do not warrant intrusion into the prison management decisions concerning drug testing procedures.  Thus, this element weighs in favor of Defendants.

As to the final element, the Court finds that Plaintiff has failed to provide more than mere conclusory statements showing why he is likely to succeed on the merits. Thus, this element also weighs in favor of Defendants.

Accordingly, IT IS ORDERED that the August 4, 2009 Recommendation of United States Magistrate Judge (Doc. # 33) is ACCEPTED and, for the reasons cited therein, Plaintiff's "Motion for Preliminary Injunction," filed June 16, 2009, (Doc. # 21) is DENIED.

DATED:  December   16   , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge