IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00205–CMA–KMT

ROBERT D. GANDY,

    Plaintiff,

v.

JULIE RUSSELL, and
STEVE HARTLEY,

    Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiff's "Motion to Compel Pursuant to Fed. R. Civ. P. 37(a)(2)(B); (3)" [Doc. No. 87, filed October 25, 2010]. Defendants responded on November 15, 2010 [Doc. No. 96] and Plaintiff filed "Plaintiff's Reply in Support of Motion to Compel" [Doc. No. 98] on November 26, 2010. The matter is now ripe for review and ruling.

***BACKGROUND and CLAIMS***

Subsequent to Plaintiff's Prisoner Complaint being filed on February 3, 2009, Defendants filed their "Combined Motion to Dismiss and Memorandum Brief in Support of Motion to Dismiss Plaintiff's Complaint" on June 8, 2009. (Doc. No. 18.) On January 7, 2010, this court entered its Recommendation that Plaintiff's Claim One and all claims against Defendant Zavaras

be dismissed with prejudice and that Plaintiff's Claims Two and Three against Defendants Holst and Arrellano be set for further proceedings. [*See* Doc. No. 42 at 15.] On February 11, 2010, District Judge Christine M. Arguello issued her Order adopting this court's Recommendation. [Doc. No. 45.]

Plaintiff claims he has been diagnosed as suffering from a condition known as benign prostatic hyperplasia ("BPH") that makes it difficult for him to urinate freely and with ease. (Compl. at 3.) In Claim Two, Plaintiff alleges he requested that he be administered routine urinalysis drug testing by alternative means as an accommodation for his BPH condition but that his request was denied. (*Id.* at 5-6; *see* Colorado Department of Corrections ("CDOC") A.R. § 300-20(IV)(C)(1)[1].) Plaintiff asserts that the CDOC's ADA Inmate Coordinator has created a policy under which accommodations are not provided for his BPH condition.[2] (Compl. at 5-6) Plaintiff claims the denial of his accommodation request violated his rights under the ADA. (*Id.* at 5.)

In Claim Three, Plaintiff claims that the Warden also refused to provide alternatives to urinalysis drug testing despite Plaintiff's requests. (*Id.* at 6.) Plaintiff claims this has caused

---

[1] Offenders "will have one and one-half hours to produce the required urine sample from the time they are ordered to do so." Additionally, CDOC A.R. § 300-20(IV)(C)(1) provides that in the event an offender claims that he is unable to provide a urine sample within one and one half hours and after consuming sixteen ounces of water, he will be offered "an additional time of 30 minutes and an additional 8 oz of water."

[2] Additional time to urinate is defined as an "alternative testing method" in A.R. 300-20; however, it is only one of several alternatives described in a non-exhaustive, acceptable accommodations list. CDOC A.R. § 300-20(III)(B).

arbitrary and capricious results at disciplinary hearings, thereby violating his rights under the ADA. (*Id.*)

Plaintiff seeks an injunctive order requiring the CDOC to evaluate medical disabilities under the ADA guidelines and injunctive relief requiring the CDOC to allow Plaintiff to submit to drug testing by means other than urine testing. (*Id.* at 9.) Plaintiff does not seek monetary damages. Defendants do not present argument in their Motion for Summary Judgment contesting that Plaintiff is a qualified individual with a disability.[3] (Mot.Sum.J. [Doc. No. 83] at 10-12.) Defendants argue instead that Plaintiff was appropriately accommodated within existing CDOC policy and that the policy is nondiscriminatory. (*Id.*)

Plaintiff's Motion to Compel seeks further information as to Interrogatories 5, 7, 9, 10 and 11.[4] (Mot. at 1.)

Interrogatory No. 5 states, "[s]tate the name and address, or otherwise identify and locate any person who to you or your attorney's knowledge recorded an opinion regarding Plaintiff's request for accommodation pursuant to the ADA." Defendants have responded that Dr. Paula Frantz, Cathie Holst, PA Ted Laurence and any outside specialist Plaintiff has seen for his condition may have 'recorded an opinion' as to Plaintiff's condition. As part of its response, the

---

[3] During the grievance process, however, prison officials repeatedly found that Plaintiff did not have a qualifying disability even though it was undisputed he suffered from BPH which Defendants characterized as "a medical issue." (*See* Reply, Exs. C and D.)

[4] Plaintiff provided no support for his motion as to Interrogatory No. 11, however he did address this interrogatory in his Reply. Therefore, the court will consider Interrogatory No. 11 as part of the motion. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (the court must liberally construe *pro se* filer's pleadings.)

Defendants provided Plaintiff with a complete copy of his Department of Corrections ADA file. (Resp. at 2.) Plaintiff claims in his Reply that he "has not received the recommendation of Ted Laurence"; however, the Provider ADA Screening Form signed by Ted Laurence is attached to Plaintiff's Motion as Ex. A and contains a Recommendation at Part IV therein.[5] Therefore, the Motion to Compel as to Interrogatory No. 5 is denied.

Interrogatory No. 7 states, "[i]dentify and attach a copy of any and all documents identifying the number of accommodations that have been granted where the disability is not covered by the 'Montez' agreement." To the extent Plaintiff is seeking the number of offenders who have been determined to have a non-*Montez*[6] disability, Defendants do not object to providing the number. Plaintiff alleges that answers to Interrogatory No. 7 "will produce evidence that the defendants have a pattern and policy to deny requests for accommodations for those disabilities not listed as 'Montez' disabilities." (Reply at 1-2.) Therefore, Plaintiff's Motion to Compel is granted in part as to Interrogatory No. 7. Defendants shall provide the plaintiff with the number of accommodations made for CDOC prisoners alleging a non-*Montez* disability since January 1, 2000 to present.

Interrogatory No. 9 states, "[i]dentify and attach any and all documents and transcripts of any internal memoranda regarding the issuing of accommodations pursuant to the Americans with Disabilities Act." The court finds this interrogatory to be over-broad and lacking in

---

[5] There were no recommended accommodations.

[6] *Montez v. Ritter*, 92-cv-870-JLK.

sufficient clarity to allow a reasonable response from Defendants.  The request is not limited in time or limited to the facts of this case.  Plaintiff was provided with the Rules and Regulations of the CDOC and directed to specific applicable policies.  Therefore, the Motion to Compel is denied as to Interrogatory No. 9.

Interrogatory No. 10 states, "[i]dentify and attach any and all documents and transcripts of any internal memoranda regarding the issuing of accommodations pursuant to the ADA and the '*Montez*' agreement."  Again, the court finds this interrogatory to be over-broad and lacking in sufficient clarity to allow a reasonable response from Defendants.  The requested is not limited in time or limited to the facts of this case.  Further it appears to request private medical documents relating to other prisoners and employees.  In his Reply, Plaintiff claims, "[p]laintiff believes that Defendant's (sic) have determined that medical issues not delineated in the 'Montez' agreement do not qualify for ADA accommodation."  However, it is clear that Defendants do not now appear to contest that Plaintiff is a qualified individual with a non-*Montez* disability.  (Mot.Sum.J at 10-12.)  Rather, Defendants argue that Plaintiff was appropriately accommodated within existing CDOC policy and that the policy is nondiscriminatory.  (*Id.*)  Therefore, Interrogatory No. 10 is not "reasonably calculated to lead to the discovery of admissible evidence" and will therefore be denied. Fed. R. Civ. P. 26(b).

Interrogatory No. 11 states, "[i]dentify and attach a copy of any court order directing that Colorado Department of Corrections provide an accommodation to an offender that was issued between January 1, 2006 and the date of your answers to these interrogatories."  In his Reply, Plaintiff states that he has evidence that the CDOC denied an accommodation to an inmate and

5

that a Court later disagreed with that decision. He states, therefore, that a response to Interrogatory No. 11 "would be evidence that Defendants routinely deny all non 'Montez' related requests for ADA accommodation." (Reply at 2.) However, this argument misses the point in this case. The question in this case is whether the accommodation provided by the Defendants is adequate. Interrogatory No. 11 is, therefore, not "reasonably calculated to lead to the discovery of admissible evidence" and will therefore be denied. Fed. R. Civ. P. 26(b).

Wherefore, it is **ORDERED**

Plaintiff's "Motion to Compel Pursuant to Fed. R. Civ. P. 37(a)(2)(B); (3)" [Doc. No. 87] is **GRANTED IN PART and DENIED IN PART** as follows:

1.      Defendants shall supplement discovery responses as to Interrogatory No. 7 on or before January 10, 2011 to provide the plaintiff with the number of accommodations made for CDOC prisoners alleging a non-*Montez* disability for the time period January 1, 2000 to present;

2.      Plaintiff's Motion to Compel as to Interrogatory Nos. 5, 9, 10, and 11 is **DENIED**; and

3. The Motion Hearing currently set for December 29, 2010 at 9:00 a.m. is **VACATED**.

Dated this 27th day of December, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge