IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00205–CMA–KMT

ROBERT D. GANDY,

    Plaintiff,

v.

JULIE RUSSELL, and
STEVE HARTLEY,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case involves claims that Defendants violated Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.* ("ADA"). This matter is before the court on "Defendants' Motion to Dimiss [sic] for Lack of Jurisdiction" (Doc. No. 112) filed June 7, 2011.

### PROCEDURAL HISTORY

    Plaintiff filed his Prisoner Complaint on February 3, 2009, asserting claims against Defendants Aristedes Zavaras, Cathie Holst, and Michael Arellano. (Prisoner Compl. ["Compl."].) Defendants filed their "Combined Motion to Dismiss and Memorandum Brief in Support of Motion to Dismiss Plaintiff's Complaint" on June 8, 2009. (Doc. No. 18.) On January 7, 2010, this court entered its Recommendation that Plaintiffs' Claim One and all claims against Defendant Zavaras be dismissed with prejudice and that Plaintiff's Claims Two and

Three against Defendants Holst and Arrellano be set for further proceedings. (*See* Doc. No. 42 at 15.) On February 11, 2010, District Judge Christine M. Arguello issued her Order adopting this court's Recommendation. (Doc. No. 45.)

On July 7, 2010, this court granted Plaintiff's motion to substitute Defendants Julie Russell and Steve Hartley for Defendants Holst and Arellano, pursuant to Fed. R. Civ. P. 25(d). (*See* Doc Nos. 65 and 73.) Defendants Russell and Hartley filed their "Motion for Summary Judgment" on October 12, 2010. (Doc. No. 83.) On May 23, 2011, Judge Arguello issued her Order adopting and affirming this court's January 10, 2011 Recommendation that the Motion for Summary Judgment be denied. (Doc. No. 110.)

On June 7, 2011, Defendants filed their "Motion to Dismiss for Lack of Jurisdiction." (Doc. No. 122 [Mot.].) Plaintiff filed his response on June 15, 2011. (Doc. No. 115 [Resp.].) Defendants filed their reply on July 6, 2011. (Doc. No. 119 [Reply].) This motion is ripe for review and recommendation.

**STATEMENT OF THE CASE**

The following facts are taken from Plaintiff's Second Amended Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff is an inmate in the custody of the Colorado Department of Corrections ("CDOC"). (Compl. at 2.) Defendant Russell is the current ADA Inmate Coordinator for the CDOC, and Defendant Hartley is the current Warden of the Arkansas Valley Correctional Facility ("AVCF"). (Mot. at 1.)

Plaintiff claims he has been diagnosed as suffering from a condition known as benign prostatic hyperplasia ("BPH") that makes it difficult for him to urinate freely and with ease.

(Compl. at 3.) Plaintiff states he has been required to submit to four random drug tests requiring that he provide urine samples. (*Id*. at 6.) According to CDOC Administrative Regulation ("A.R.") 300-20(IV)(B)(3), offenders "will have one and one-half hours to produce the required urine sample from the time they are ordered to do so." (*Id.*; CDOC A.R. § 300-20(IV)(C)(1).)[1] In the event an offender claims that he is unable to provide a urine sample within one and one half hours and after consuming sixteen ounces of water, he will be offered "an additional time of 30 minutes and an additional 8 oz of water." (*Id.*; CDOC A.R. § 300-20(IV)(C)(1).)

Plaintiff states that on August 19, 2006, he was asked to submit to a random drug test. (*Id.*) After two hours, Plaintiff was unable to provide the requested urine sample. (*Id.*) As a consequence, Plaintiff was charged with and convicted of "Refusal to Submit to a Drug Test," a Code of Penal Discipline ("COPD") infraction. (*Id*.) Plaintiff submitted to a second random drug test on September 29, 2006. (*Id*.) At the expiration of the two-hour time period when he had been unable to urinate, Plaintiff was taken to a holding cell where he provided the requested urine sample approximately one and one-half hours later. (*Id*.) Plaintiff submitted to another random drug test on April 25, 2007. (*Id*.) Plaintiff provided the requested sample four hours after he was first ordered to do so. (*Id*.) Plaintiff was not charged with any disciplinary infraction based on the September 2006 and April 2007 drug tests. (*Id*.) On December 10, 2007, Plaintiff submitted to a fourth random drug test. (*Id*.) Plaintiff was unable to provide a urine sample within the two hours allowed. (*Id*.) Plaintiff was again charged with "Refusal to Submit

---

[1] The court may take judicial notice of agency rules and regulations. *Ray v. Aztec Well Svcs. Co.*, 748 F.2d 888, 889 (10th Cir. 1984).

to a Drug Test." (*Id.*)  Plaintiff states he presented medical documentation of his condition at a disciplinary hearing and was found not guilty "due to his medical condition."  (*Id.*)

In Claim Two, Plaintiff alleges he requested that he be tested by alternative means as an accommodation for his BPH condition.  (*Id.* at 5.)  Plaintiff's request was denied.  (*Id.* at 6.)  Plaintiff asserts that the CDOC's ADA Inmate Coordinator has created a policy under which accommodations are not provided for his BPH condition.  (*Id.*)  Plaintiff claims the denial of his accommodation request violated his rights under the ADA.  (*Id.* at 5.)

In Claim Three, Plaintiff claims that the Warden also refused to provide alternatives to urinalysis drug testing despite Plaintiff's requests.  (*Id.* at 6.)  Plaintiff claims this has caused arbitrary and capricious results at disciplinary hearings, thereby violating his rights under the ADA.  (*Id.*)

## STANDARDS OF REVIEW

### 1. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  A court may not assume that a plaintiff can prove facts that have not been

alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 2. *Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

## ANALYSIS

According to CDOC Administrative Regulation ("A.R.") 300-20(IV)(B)(3), offenders "will have one and one-half hours to produce the required urine sample from the time they are ordered to do so" and "will be allowed to consume up to 16 oz. of water to help produce the urine sample." (*Id.*) In the event an offender claims that he is unable to provide a urine sample within one and one half hours with sixteen ounces of water, he will be offered "an additional time of 30 minutes and an additional 8 oz of water." (CDOC A.R. § 300-20(IV)(C)(1).) The CDOC's Administrative Regulation also provides that "any other method of testing approved by the Inmate Drug Reduction Program (IDRP)" may be used, including hair, saliva, or quick screen/on-site tests. CDOC A.R. § 300-20(III)(B) and (S).

Beginning in September of 2010, AVCF began providing additional alternative methods, such as saliva, hair, and quick on-site tests. (Mot., Ex. B [Aff. of Robert Steinbeck], ¶ 4.) On

6

January 19, 2011, Plaintiff's medical condition was confirmed by the CDOC ADA Inmate Coordinator, Defendant Russell, who issued a new ADA Accommodation Resolution to Plaintiff confirming his entitlement to alternative testing methods such as saliva testing. (Mot., Ex. A.) The Accommodation Resolution states that if Plaintiff is unable to provide a urine sample after additional time and water are provided, he will receive an alternative testing method. (Ex. A.)

Because of the Accommodation Resolution allowing for Plaintiff to be tested by alternative means, Defendants move for dismissal on the basis that Plaintiff's claims for injunctive relief–the only remaining claims–are moot. (Mot.) "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). "A federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Id.* (internal quotation marks and citation omitted). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (internal quotation marks and citation omitted).

"The mootness doctrine derives from Article III's requirement that federal courts decide only actual cases between litigants." *United States v. Dominguez-Carmona*, 166 F.3d 1052, 1055 (10th Cir. 1999), *overruled on other grounds*, *United States v. Meyers*, 200 F.3d 715, 721–22 (10th Cir. 2000). When a case is moot, federal courts lack power to review it, because to do so would result in an advisory opinion prohibited by Article III. *Id.*; *see also Jones v. Temmer*, 57 F.3d 921, 922 (10th Cir.1995) (citing *Preiser*, 422 U.S. at 401).

"A case becomes moot when events occur which resolve the controversy underlying it." *Dominguez-Carmona*, 166 F.3d at 1055.

> Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction. This requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome . . . . When a party seeks only equitable relief, as here, past exposure to alleged illegal conduct does not establish a present live controversy if unaccompanied by any continuing present effects. In these circumstances, the party must demonstrate a good chance of being likewise injured in the future.

*McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (internal quotation marks and citations omitted). *See also Transwestern Pipeline v. F.E.R.C.*, 897 F.2d 570, 575 (D.C. Cir. 1990) ("A case is moot if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.").

"When there is a voluntary cessation of a policy," a claim will be rendered moot where "there is no reasonable expectation that the wrong will be repeated." *Sutton v. Rasheed*, 323 F.3d 236, 248–49 (3d Cir.2003). *See also Southern Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997) ("[i]f an event occurs while a case is pending that heals the injury and only prospective relief has been sought, the case must be dismissed").

In his Complaint, Plaintiff requests injunctive relief in the form of an order requiring the CDOC to evaluate medical disabilities under the ADA guidelines and requiring the CDOC to allow Plaintiff to submit to drug testing by means other than urine testing. (Compl. at 9.) The CDOC has evaluated and confirmed Plaintiff's medical condition and has issued Plaintiff an

8

Accommodation Resolution entitling him to alternative testing methods which are now available at AVCF. Thus, Plaintiff's claims are now moot.

One exception to mootness is when the dispute is "capable of repetition yet evades review." *Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983); *F.E.R. v. Valdez,* 58 F.3d 1530, 1533 (10th Cir. 1995). To qualify for the exception, the plaintiff must show a reasonable likelihood that he will again suffer the alleged deprivation. *See Honig v. Doe*, 484 U.S. 304, 318 (1988). Plaintiff argues he may be subjected to the same violations again because the Accommodation Resolution does not state who will make the determination whether alternative methods are necessary, and the Accommodation does not apply to all facilities within the CDOC. (Resp. at 2.) However, Administrative Regulation 750-04 provides that "[t]he signed resolution shall be available on DOCNET" and also shall be scanned and emailed to the facility ADA coordinator for paper copy distribution. (CDOC A.R. § 750-04(IV)(D)(8).) The resolution serves as notice to all DOC employees, contract workers, and volunteers of approved accommodations, with the understanding that the accommodation shall be adhered to at all times. (*Id.*, § 750-04(IV)(D)(9). If an accommodation cannot be implemented or allowed, the ADA Inmate Coordinator is to be contacted immediately. (*Id.*) Thus, because the Accommodation Resolution applies to all CDOC facilities and all CDOC employees, Plaintiff's argument is too speculative to support the mootness exception, which is only to be used in "exceptional situations." *See Lyons*, 461 U.S. at 109.

Plaintiff also objects to the procedure allowed in the Administrative Regulation and the Accommodation Resolution because drinking water to facilitate urination causes him pain and

9

suffering and does not ameliorate his difficulty in providing the required sample.[2] (Compl. at 6.)

However, the CDOC procedure states only that Plaintiff, if he is unable to urinate when called for a random test, will be "*allowed* to consume up to 16 oz. of water," and if he still is unable to urinate, he will be *offered* an additional eight ounces of water. (CDOC A.R. 300-20(IV)(B)(3); A.R. § 300-20(IV)(C)(1). In his Affidavit, Mr. Steinbeck, who oversees the Offender Drug Screening Program at AVCF, confirms that if Plaintiff would not be forced to consume the water. (Aff. of Robert Steinbeck, ¶ 2, 6.) Plaintiff argues that if Mr. Steinbeck were to leave his current position, he could be forced to drink the water before being given the accommodation. Nevertheless, because of the clear language of the Administrative Regulation, which gives Plaintiff the *option* of drinking the water, Plaintiff's argument again is too speculative to support the mootness exception, which is only to be used in "exceptional situations." *See Lyons*, 461 U.S. at 109.

Accordingly, Plaintiff's remaining claims are moot and should be dismissed for lack of subject matter jurisdiction.

WHEREFORE, this court respectfully

RECOMMENDS that "Defendants' Motion to Dimiss [sic] for Lack of Jurisdiction" (Doc. No. 112) be GRANTED.

---

[2] Plaintiff does not, and could not, complain about the amount of time he will be required to wait before the accommodation is given. Rather, Plaintiff objects to the procedure only if he is forced to drink water while he is waiting.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 19th day of September, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge