**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-00205-CMA-KMT

ROBERT D. GANDY,

    Plaintiff,

v.

JULIE RUSSELL, and
STEVE HARTLEY,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING SEPTEMBER 19, 2011
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This case was referred to United States Magistrate Judge Kathleen M. Tafoya pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. On September 19, 2011, the Magistrate Judge issued a Recommendation, concerning Defendants' Motion to Dimiss [sic] for Lack of Jurisdiction and Motion to Vacate Final Pretrial Conference (Doc. # 112). The Magistrate Judge recommended that Defendants' Motion be granted and the remaining claims be dismissed for lack of subject matter jurisdiction.[1] On September 28, 2011, Plaintiff Robert E. Gandy, proceeding *pro se*,[2] filed timely objections to the Recommendation. (Doc. # 121.)

---

[1] By Minute Order (Doc. # 114), the Magistrate Judge granted Defendants' Motion to Vacate the Final Pretrial Conference.

[2] Because Plaintiff is proceeding *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## I. **BACKGROUND**

The factual and procedural background of this matter is set out at length in Magistrate Judge Tafoya's Recommendation, and the Court incorporates that recitation herein. Thus, the Court provides only a brief overview of the facts and procedural history and will expand on them, when necessary, within the analysis.

Plaintiff is a state prisoner in the custody of the Colorado Department of Correction ("CDOC"), currently incarcerated at the Arkansas Valley Correctional Facility ("AVCF"). In his Complaint, filed on February 3, 2009, Plaintiff alleged that Defendants' failure to provide him with alternative drug testing methods as an accommodation for his benign prostatic hyperplasia ("BPH") condition violates the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.* Plaintiff seeks injunctive relief, namely an order requiring the CDOC to evaluate him under the ADA guidelines and requiring the CDOC to allow him to submit to drug testing by means other than urine testing. (Doc. # 3 at 9.)

On January 19, 2011, less than two weeks after the Magistrate Judge recommended that Defendants' Motion for Summary Judgement be denied (Doc. # 102), Defendant Russell, the CDOC ADA Inmate Coordinator, issued a new ADA Accommodation Resolution for Plaintiff that confirmed his BHP condition and provided him with the following accommodation:

> Alternative testing procedures in accordance with Administrative Regulation 300-20. If the offender is unable to provide a sample after additional water and time have been provided (AR 300-20.C.1.), **alternative testing procedures will be utilized** to include, but not limited to urine, saliva, hair or other methods as determined necessary.

(Doc. # 112-1) (Emphasis added.) Accommodation resolutions serve as notice to all CDOC employees, contract workers, and volunteers that a prisoner has an approved accommodation.[3] (*See* Doc. # 119-3, Administrative Regulation ("AR") 750-04.IV.D.9.) If, for any reason, an accommodation cannot be implemented or allowed, the ADA Inmate Coordinator is to be immediately contacted. (*Id.*)

After this Court affirmed the Magistrate Judge's Recommendation on May 23, 2011 (Doc. # 110), Defendants filed the instant Motion to Dismiss for Lack of Jurisdiction, arguing that Plaintiff's claims were mooted by the January 19, 2011 Accommodation Resolution. In response, Plaintiff contends that his claims are not moot because the Accommodation Resolution is not a reasonable accommodation that adequately resolves his claims. In her Recommendation, the Magistrate Judge concluded that Plaintiff's remaining claims were moot and the case should be dismissed.

## II. STANDARDS OF REVIEW

### A. RECOMMENDATION OF MAGISTRATE JUDGE

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. R. 72(b)(3). In conducting its review, "[t]he district court judge

---

[3] A court may take judicial notice of agency rules and regulations. *Ray v. Aztec Well Serv. Co.*, 748 F.2d 888, 889 (10th Cir. 1984).

may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

**B.     MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)); *see Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

### III. ANALYSIS

Article III of the United States Constitution limits a federal court's jurisdiction to "cases and controversies." U.S. Const. art III, § 2, cl. 1. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) (quoting *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005)). "Mootness is implicated when a case or controversy, originally present, ceases to exist." *Smallwood v. Scibana*, 227 F. App'x 747, 748

(10th Cir. 2007). A case or controversy ceases to exist "when it is impossible to grant any effectual relief." *Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008). When a plaintiff seeks injunctive relief, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Id.* (quoting *Beattie v. United States*, 949 F.2d 1092, 1094 (10th Cir. 1991)); *see also S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997) ("If an event occurs while a case is pending that heals the injury and only prospective relief has been sought, the case must be dismissed.").

In his objections, Plaintiff asserts that the January 19, 2011 Accommodation Resolution does not moot this case because it is "an accommodation in name only" and Defendant Russell "still refuses to recognize Plaintiff's disability and provide him with an accommodation which is reasonable and meaningful."[4] (Doc. # 121 at 2.) By issuing the Accommodation Resolution, which confirms Plaintiff's BPH condition, Defendant Russell has recognized both that Plaintiff has a disability and that the disability entitles him to an accommodation. The issue that warrants more thorough analysis is whether the Accommodation Resolution provides Plaintiff with a reasonable accommodation.

---

[4] Plaintiff also contends that the Accommodation Resolution is discriminatory in its application because he is only to be provided with alternative testing after waiting for two hours, whereas non-disabled offenders are generally able to comply within fifteen minutes to a half hour. The Court will not entertain this argument because Plaintiff never raised this issue prior to his objections. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Dillard v. Bank of New York*, No. 09-cv-03008, 2011 WL 2714118, at *7 (D. Colo. July 13, 2011) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

The Accommodation Resolution states that Plaintiff is entitled to alternative testing procedures in accordance with AR 300-20. Plaintiff argues that this is a meaningless accommodation because AR 300-20 is the "regulation o[n] which Plaintiff based his complaint on to begin with." (Doc. # 1212 at 2.)

AR 300-20 governs drug testing procedures for inmates in the custody of the CDOC. (*See* Doc. # 29-1.) AR 300-20 provides that inmates "will have one and one-half hours to produce the required urine sample from the time they are ordered to do so" and "will be allowed to consume up to 16 oz. of water to help produce the urine sample." (*Id.*, AR 300-20.IV.B.3.) In the event that an inmate is unable to provide a urine sample within this time, he will be offered "an additional time of 30 minutes and an additional 8 oz of water." (*Id.*, AR 300-20.IV.C.1.) Although AR 300-20 provides that "any other method testing approved by the Inmate Drug Reduction Program (IDRP")" may be used, there is nothing in the regulation that mandates alternative methods be used in lieu of additional time and water for non-disabled offenders. The January 19, 2011 Accommodation Resolution, however, specifically states that "alternative testing procedures will be utilized" if Plaintiff is unable to provide a sample after additional time and water were provided. (Doc. # 112-1.) Thus, the Accommodation Resolution provides for an accommodation that is not provided to non-disabled prisoners (and was not provided to Plaintiff at the commencement of this action).

Plaintiff next argues that the Accommodation Resolution does not provide meaningful accommodation under the ADA because it does not state that his medical condition interferes with his ability to produce a urine sample, nor does it mandate that

6

a particular alternative testing method be utilized. (*See* Doc. # 112-1.) Although the Accommodation Resolution does not explicitly state that Plaintiff's condition interferes with his ability to produce a urine sample, it does confirm his BPH condition and provides for alternative testing methods, which is sufficient to alert any testing officer that Plaintiff has difficulty urinating. Plaintiff's concern that the testing officer is given too much discretion to determine which alternative testing method should be utilized is also unfounded. In his Complaint, Plaintiff claims that, due to his BPH condition, additional time and water caused him "pain and suffering" and did not ameliorate his difficulty in providing the required sample. (Doc. # 3 at 6.) Thus, additional time and water would not be a reasonable accommodation under the ADA. However, the Accommodation Resolution provides that the testing officer must provide "alternative testing procedures" to additional time and water if Plaintiff is unable to provide a urine sample.[5] Mr. Steinbeck attests that Plaintiff will receive alternative testing procedures, such as saliva, hair, or other methods (Doc. # 112-2), and Plaintiff has no interest in which of these alternative testing procedures will be utilized. *See Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1263 (10th Cir. 2001) (the ADA only requires a reasonable accommodation be provided, not the accommodation that a plaintiff prefers).

---

[5] Notably, there is nothing in AR 300-20 that requires Plaintiff to consume additional water. AR 300-20 provides only that Plaintiff, if he is unable to urinate when called for a random drug test, will be "**allowed** to consume up to 16 oz. of water," and if he is still unable to urinate, he will be **offered** an additional eight ounces of water. (*See* Doc. # 29-1, AR 300-20.IV.B.3; AR 300-20.IV.C.1.) (Emphasis added.) By affidavit, Robert Steinbeck, who oversees the Offender Drug Screening Program at AVCF, confirms that Plaintiff would not be forced to consume additional water. (Doc. # 112-2, ¶¶ 2, 6.)

Plaintiff concedes that Mr. Steinbeck's position as stated in his affidavit "offer[s] some protection." Nevertheless, Plaintiff contends that he is only protected insofar as Mr. Steinbeck remains at AVCF and retains his position. First and foremost, the Court disagrees with Plaintiff that the Accommodation Resolution is not facially sufficient as there is nothing in AR 300-20 or in the Accommodation Resolution that requires Plaintiff to consume additional water; indeed, it mandates that alternative testing procedures be utilized. Moreover, Plaintiff's concern that Mr. Steinbeck will leave AVCF or change positions is wholly speculative. *See Jordan v. Sosa*, --- F. 3d ---, 2011 WL 2854139, at *14-15 (10th Cir. July 20, 2011) (rejecting prisoner's argument that his claims were not mooted by transfer to new prison when it was "entirely speculative" that the prisoner might be transferred back to his former facility); *Armstrong World Indus., Inc. v. Adams*, 961 F.2d 405, 411-12 (3d Cir. 1992) ("Where the plaintiff's action is based on a contingency, it is unlikely that the parties' interests will be sufficiently adverse to give rise to a case or controversy within the meaning of Article III."). Thus, the Court finds that the Accommodation Resolution resolves Plaintiff's claims and this Court cannot "grant any effectual relief." *Chihuahuan Grasslands Alliance*, 545 F.3d at 891. Plaintiff's claims are, therefore, moot.

In his response to Defendants' Motion to Dismiss, Plaintiff contends that his claims are saved from a determination of mootness because they are "capable of repetition, yet evade review." (Doc. # 115 at 1.) The capable-of-repetition exception to mootness is a "special circumstance[] whereby an action will not be dismissed as moot even though the party seeking relief is no longer affected by the action complained of."

*Rex v. Owens ex rel. State of Okla.*, 585 F.2d 432, 434 (10th Cir. 1978).  This exception is a narrow one that is only used in rare circumstances.  *Chihuahuan Grasslands Alliance*, 545 F.3d at 892.  Outside of the class-action context, the

> doctrine has been limited to the situation where two elements combine: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again.

*Sosa*, 2011 WL 2854139, at *17 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curium)).  Plaintiff bears the burden of establish both prongs of this two-part test.  *Id.*

Although it so happened that this case was not fully adjudicated before Plaintiff's claims became moot, Plaintiff has provided absolutely no evidence that this type of action is necessarily of short duration.  *See id.*; *Finberg v. Sullivan*, 634 F.2d 50, 55 (3d Cir. 1980) (stating that a plaintiff "must show that the activity is 'by its very nature' short in duration, 'so that it could not, or probably would not, be able to be adjudicated while fully live.'") (quoting *Dow Chemical Co. v. EPA*, 605 F.2d 673, 678 n.12 (3d Cir. 1979)).  Plaintiff has also failed to provide any evidence showing that there exists a reasonable expectation that he will not be provided with a meaningful accommodation for his BPH condition.  In the absence of such evidence, Plaintiff cannot meet either prong of the two-part test, and his claim should not be excepted from a mootness determination.

## IV. **CONCLUSION**

Based on the foregoing, the Court concludes that the Magistrate Judge's Recommendation is correct. Therefore, Plaintiff's Objections (Doc. # 121) are OVERRULED, and the Court AFFIRMS and ADOPTS the Magistrate Judge's Recommendation as the findings and conclusions of this Court.

Accordingly, it is ORDERED that Defendants' Motion to Dimiss [sic] for Lack of Jurisdiction (Doc. # 112) be GRANTED. Plaintiff's remaining claims are moot and this case is DISMISSED for lack of subject matter jurisdiction.

DATED: October  13 , 2011

BY THE COURT:

_Christine M Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge